IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Local 12, International Union, United Automobile,
Aerospace and Agricultural Implement Workers of America-
UAW, Ransom & Randolph Unit,   Case No. 3:05CV7408

        Plaintiff,

  v.   ORDER

Ransom & Randolph,

        Defendant.

UAW Local 12 brought suit seeking to compel Ransom & Randolph to arbitrate a grievance concerning retired workers' medical benefits under the terms of the parties' collective bargaining agreement. Jurisdiction exists under 29 U.S.C. § 185 and 28 U.S.C. §§ 1331 and 1337.

Pending is Ransom & Randolph's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the followings reason, this motion shall be granted.

**Background**

Local 12 is a labor union that represents employees of Ransom & Randolph. The employees' relationship with Ransom & Randolph is governed by a collective bargaining agreement (CBA). The CBA, *inter alia*, provides retired workers with continued medical coverage, including reimbursement of each retiree's Medicare Part B premiums.

Local 12 alleges Ransom & Randolph did not reimburse the retired workers' Medicare premiums to the extent provided in the agreement. As a result, it filed a grievance on behalf of the retired workers with Ransom & Randolph. In this grievance, Local 12 alleged the company violated the CBA by making inadequate Medicare reimbursements.

Ransom & Randolph refused to arbitrate the dispute. In response, Local 12 brought this suit to compel arbitration of the grievance.

## Discussion

Ransom & Randolph argues Local 12 lacks standing to compel arbitration of a grievance filed on behalf of retired workers. In support of its motion, Ransom & Randolph contends the plain language of the CBA limits the grievance procedure to disputes between the company and its employees. It further argues Local 12 lacks standing to arbitrate on behalf of the retired workers because the retirees did not consent to union representation.

Local 12 argues it has standing to compel Ransom & Randolph to arbitrate its grievance.

A dispute between a union and a company concerning retirees' benefits is presumed arbitrable "if the parties have contracted for such benefits in their collective bargaining agreement and if there is nothing in the agreement that specifically excludes the dispute from arbitration." *Cleveland Elec. Illuminating Co. v. Util. Workers Union of Am.*, 440 F.3d 809, 816 (6th Cir. 2006).[1]

---

[1] This standard arguably applies only to collective bargaining agreements that contain broad arbitration clauses providing for "arbitration of any controversy involving the interpretation of the CBA." *Cleveland Elec. Illuminating Co.*, 440 F.3d at 814; see also *United Steelworkers of Am. v. Mead Corp., Fine Paper Div.*, 21 F.3d 128, 131 (6th Cir. 1994) ("Moreover, in cases involving broad arbitration clauses the Court has found the presumption of arbitrability 'particularly applicable,' and only an express provision excluding a particular grievance from arbitration or 'the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'" (quoting *AT & T Techs, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)).

For a union to represent retired workers' interests at arbitration, however, it needs their consent. *Id.* at 817 (citing *Rossetto v. Pabst Brewing Co., Inc.*, 128 F.3d 538, 541 (7th Cir. 1997)).

In the case at hand, the parties' CBA defines a grievance as "[a]ny dispute between the employees and the Company as to the interpretation or application of the provisions of this Agreement." (Ex. 1 to the Compl. at 6, Art. 7, § 7.1.)

A retired worker is neither an employee of a company nor a member of a collective bargaining unit. *Allied Chem. & Alkali Workers of Am. v. Pittsburgh Plate Glass Co., Chem. Div.*, 404 U.S. 157, 176 (1971).[2] Because the parties' CBA defines the grievance procedure as between employees and the company, it arguably excludes disputes between retired workers and the company from arbitration.

Even assuming, *arguendo*, the grievance is arbitrable, Local 12 needed the retired workers' consent to represent them.[3] The union failed to obtain the retired workers' consent and thus does not have standing to represent the retired workers.

Therefore, Local 12 fails to state a claim for which relief can be granted.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED THAT defendant's motion to dismiss be, and the same hereby is, granted.

---

[2] Although the retired workers did not bring the grievance and are not party to this action, they are third party beneficiaries of the CBA. *Int'l Union v. Yard-Man, Inc.*, 716 F.2d 1476, 1486 (6th Cir. 1983). As third party beneficiaries, retired workers have contractual rights to enforce the terms of the CBA through a § 301 claim. *Id.* Ransom & Randolph concedes this point.

[3] As noted above, the Union's grievance was made "on behalf of the retirees of R&R [Ransom & Randolph]. . ." (Def.'s Reply Ex. A.) .

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge